(March 18, 1977)

■ LEON E. WEIN, Respondent-Appellant, v HUGH L. CAREY, as Governor of the State of New York, et al., Appellants-Respondents.—Appeal from order, Supreme Court, New York County, entered on January 3, 1977, unanimously dismissed, without costs and without disbursements, said order having been reviewed on appeal from the judgment entered on February 22, 1977. Judgment, Supreme Court, New York County, entered on February 22, 1977, affirmed for the reasons stated by Tierney, J., at Special Term, without costs and without disbursements. Concur—Kupferman, J. P., Lupiano and Birns, JJ., concur in separate memoranda and Murphy and Markewich, JJ., dissent in part in a memorandum, as follows: Lupiano, J. (concurring). This is an appeal from a judgment of the Supreme Court, New York County, entered February 22, 1977, granting defendants' motion for summary judgment and denying plaintiff's cross motion for like relief and declaring, in particular, that the revenue anticipation notes issued by the State between April and June, 1976, were not rollover notes violating

constitutional limitations. In addition to affirming said judgment for the reasons stated by Special Term, I note that the Court of Appeals in *Wein v State of New York* (39 NY2d 136, 146–147), employed the crucial words that only short term debts contracted "in authentic anticipation of the receipt of taxes and revenues" would be constitutional. Before the defendants herein can be faulted for permitting the issuance of the notes which are the subject of the instant matter, it is necessary to fully appreciate what the Court of Appeals intended by those critical words. In this complex matter, a *literal or broad* meaning of the words "authentic anticipation" would have a disposing impact on the critical issue as to whether or not the executive obligation was rightfully fulfilled. Regarding the appeal from the order of the Supreme Court, New York County, entered January 3, 1977, denying defendants' motion to dismiss the action on the grounds of the defense of sovereign immunity, the appeal is properly dismissed in that the appeal from the final judgment brings the propriety of such order up for review. In affirming the judgment to the extent indicated both by the majority and our partially dissenting brethren, of necessity we have rejected the State's claim of sovereign immunity (see 24 Carmody-Wait 2d, NY Prac, § 147:29). Birns, J. (concurring). I join Justices Kupferman and Lupiano in an affirmance of Special Term, granting summary judgment and declaring judgment in favor of defendants. Although I agree with many of the reasons expressed by the court below, I would add the following ground for an affirmance: In my view, before the courts should intrude upon the executive branch of the government in budget-making matters, there should be a showing either that the contemplated budget-making action violates the State Constitution as a matter of law or an incontrovertible factual demonstration of an existing violation. Plaintiff has shown neither here. Plaintiff bases his claim that the executive branch is guilty of impropriety on his argumentative forecast that, in the face of two default years just preceding, the anticipation of the executive branch that taxes and revenues would be sufficient to pay the notes within the constitutionally prescribed time was unfounded and unsupported. On the "facts" before us we cannot determine whether the Governor and the Comptroller, et al., could not have "reasonably anticipated" that there would be sufficient revenues to pay the notes without creating a budget deficit in the year of repayment, even assuming that the fiscal year were now ending in a deficit. The plaintiff is required to make a sufficient showing to overcome the heavy presumption of constitutionality which surrounds the Governor in the exercise of his executive function. In a comparable case *(New York Public Interest Research Group v Steingut,* 40 NY2d 250, 257), dealing with a challenge to legislative action, our Court of Appeals observed: "Our deliberations must begin with an awareness of the respect due the legislative branch, which finds articulation in the precept that 'as a matter of substantive law every legislative enactment is deemed to be constitutional until its challengers have satisfied the courts to the contrary' *(Montgomery v Daniels,* 38 NY2d 41, 54). Even more important in this instance is respect for the basic polity of distribution of powers in our State government, and the exercise of a proper restraint on the part of the judiciary in responding to invitations to intervene in the internal affairs of the Legislature as a co-ordinate branch of government—'it is not the province of the courts to direct the legislature how to do its work'. *(People ex rel. Hatch v Reardon,* 184 NY 431, 442; cf. *Norwich v Rockefeller,* 33 NY2d 537.)" I may add, nor is it the province of the courts to direct the Governor how to do his work. This presumption which attaches to the Governor's official acts, if not overcome by a sufficient factual demonstration

as distinguished from mere forecast of things to come, in my view, warranted the court below to grant summary judgment in favor of defendants. Murphy and Markewich, JJ. (dissenting in part). One of the issues presented below was whether the revenue anticipation notes (RANS) under discussion were issued in *authentic* anticipation of receipt of appropriate amounts of taxes and revenues or whether they were issued in anticipation of a budgetary deficit. *(Wein v State of New York,* 39 NY2d 136, 148.) There is no dispute that, at a trial of this proceeding, the actions of the legislative and executive branches with regard to the issuance of these RANS would be presumed to be regular and constitutional. However, upon defendants' motion for summary judgment, the disposition thereof can not be based upon an evidentiary presumption that may be made at trial or upon the fact that the plaintiff has the ultimate burden of proof in this case. A deficiency in the affidavits and documentation submitted by both sides on crucial matters requires that the movant be denied the summary judgment sought. *(Wolf v Heating Maintenance Corp. of N. Y.,* 20 AD2d 861.) In this proceeding, none of the affidavits submitted by the defendants contains a statement attesting to the fact that the subject RANS were issued in expectation that they would be redeemed by sufficient revenues and taxes to be collected during the budgetary year. Likewise, the defendants do not submit any report from a public agency or a private auditor suggesting that the underlying financial data indicated that the budget would be balanced for the 1976–1977 fiscal year. Therefore, while plaintiff's cross motion for summary judgment must be denied since his proof is, at best, inconclusive, defendants' motion must also be denied because of the gross inadequacy of their evidence on the crucial matters in issue. We would deny defendants' motion for summary judgment and would order a trial on the factual question of whether the issuance of the subject RANS has driven the State over the brink of valid practice. *(Wein v State of New York, supra,* p 142.)