OPINION OF THE COURT
Bernard Nadel, J.
Motions Nos. 120 and 121 on the calendar of January 19, 1977 are consolidated for disposition.
The defendants State of New York (State) and the State Comptroller Arthur Levitt (Levitt) move pursuant to CPLR 3211 to dismiss the action on the following grounds: plaintiffs lack of standing to sue, the court’s lack of subject matter jurisdiction, lack of personal jurisdiction over the State and failure to state a cause of action. Defendants, pursuant to CPLR 510, also move for a change of venue.
*653 The plaintiff, Leon E. Wein (Wein), sues for a judgment declaring $74 million of bond anticipation notes (notes) issued by the defendants in March, 1976 invalid as allegedly the notes were issued in violation of sections 11 and 12 of article VII of the State Constitution and to enjoin further issuance of said notes. It is alleged that the notes were not issued for bondable purposes but to reimburse the State’s general fund for capital expenditures incurred in prior years, a practice known as "back bonding” which it is alleged is in contravention of article VII of the Constitution. The plaintiff contends that since the funds obtained from the bond notes sales were used to fund a State budget deficit and not for a specified work or purpose as is mandated by the State Constitution, the bond notes should be declared to be in violation of the Constitution and further sale of the notes should be enjoined.
The defendants contend that the plaintiff lacks standing to sue, citing subdivision 1 of section 123-b of the State Finance Law. Plaintiff contends that Boryszewski v Brydges (37 NY2d 361), Wein v City of New York (36 NY2d 610) and Wein v State of New York (39 NY2d 136) have expanded the rights of a citizen taxpayer to challenge illegal actions by State officials and thus the defendants are foreclosed from raising the issue of plaintiff’s lack of standing to sue.
In 1975, article 7-A entitled "Citizen-Taxpayer Actions” was enacted, effective September 1, 1975. Subdivision 1 of section 123-b of said article provides that any person who is a resident of the State and has been or is paying State income or sales taxes has a right to maintain an action for equitable or declaratory relief against a State officer or employee who in the course of his duties is causing, or is about to cause wrongful expenditure, misappropriation or any other illegal or unconstitutional disbursement of State funds or property. However, said section specifically provides that "the provisions of this subdivision shall not apply to the authorization, sale, execution or delivery of a bond issue or notes issued in anticipation thereof by the state or any agency” (italics ours).
Boryszewski v Brydges (supra) gave standing to a taxpayer to challenge State legislative action authorizing expenditure of State moneys. In Wein v City of New York (supra) standing was predicated upon section 51 of the General Municipal Law, a section which specifically permits taxpayer suits against a municipality. Likewise, in Wein v Carey (Supreme Ct, NY County, Feb. 14, 1977, Tierney, J., affd 56 AD2d 787) a *654 taxpayer’s challenge to the validity of State revenue anticipation notes was sanctioned. In Wein v State of New York (supra) the question of standing was not litigated. Indeed, nothing in the afore-mentioned cases warrants the implication that the defendants are precluded from raising the issue of plaintiffs lack of standing.
Article 7-A was enacted post -Boryszewski. It established an orderly procedure defining and delineating taxpayers’ rights with regard to maintaining suits relating to State fiscal matters. The clear intent of the statute is to restrict the grant of standing so that it shall not apply to the authorization, sale, execution or delivery of a bond issue or notes issued in anticipation thereof
The plaintiff lacks standing to sue.
Accordingly, defendants’ motion to dismiss is granted.